IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendant.<br>_____/ | No. C 11-6653 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL<br>(Docket No. 7) |

    Pro se Plaintiff Anthony L. Williams has filed a motion seeking the recusal of the undersigned in the instant case.

    Plaintiff seeks recusal pursuant to 28 U.S.C. §§ 144 and 455(b)(1). Section 455(b)(1) requires a judge to recuse "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).

    Recusable bias must be both personal and extra-judicial. United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979). This means that the bias must be "directed against the party" and cannot arise out of judicial acts. Id. The Supreme Court has held, "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). The source of bias must be extra-judicial

because the recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise." Ex parte American Steel Barrel Co., 230 U.S. 35, 44 (1913).

    Plaintiff seeks recusal of the undersigned on the basis of her judicial acts, namely her prior rulings against him and her alleged actions in controlling her courtroom and taking notes during a hearing. These are legally insufficient to support a finding of recusable bias. Accordingly, there is no need to refer this recusal request to another judge for decision, and Plaintiff's motion for recusal is DENIED (Docket No. 7).

    IT IS SO ORDERED.

Dated: 4/13/2012

CLAUDIA WILKEN
United States District Judge