IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>          Defendant.<br>_____/ | No. C 11-6653 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Docket No. 8) |

Defendant United States Department of Labor has filed a motion to dismiss for lack of subject matter jurisdiction. Plaintiff Anthony L. Williams has not filed an opposition to Defendant's motion.  The Court takes Defendant's motion under submission on the papers and GRANTS the motion.

## BACKGROUND

In September 2004, Plaintiff brought suit against United Airlines, alleging retaliatory termination, pursuant to the Whistleblower Protection Program (WPP) of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR 21), 49 U.S.C. § 42121.  This Court granted summary judgment in favor of United Airlines on Plaintiff's AIR 21 claim.  On appeal, the Ninth Circuit found that this Court lacked subject matter jurisdiction under the WPP, because the statute creates no private right of action in federal district court.  Williams v. United Airlines, Inc., 500 F.3d 1019, 1021-25 (9th Cir. 2007).

In 2008, Plaintiff filed a complaint under the WPP against United Airlines with the United States Department of Labor.  A

Department of Labor Administrative Law Judge (ALJ) recommended dismissal of his complaint because he filed his claim more than ninety days after the filing deadline for such claims. On September 21, 2009, the Administrative Review Board (ARB) affirmed the ALJ. Williams v. United Airlines, ARB No. 08-063, ALJ No. 2008-AIR-003 (ARB Sept. 21, 2009). The ARB also denied his subsequent motion for reconsideration. Williams v. United Airlines, ARB No. 08-063, ALJ No. 2008-AIR-003 (ARB June 23, 2010).

Plaintiff appealed the ARB decision to the Federal Circuit, which found that it did not have jurisdiction to review the decision and transferred the case to the Ninth Circuit. Williams v. U.S. Dept. of Labor, 370 Fed. Appx. 97, 97-98 (Fed. Cir. 2010).

In August 2011, the Ninth Circuit determined that it had jurisdiction under the WPP, found that the ARB had properly denied Plaintiff's complaint as untimely and concluded that equitable tolling did not apply. Williams v. U.S. Dept. of Labor, 2011 U.S. App. LEXIS 17300, at *1-2 (9th Cir.).

Plaintiff now returns to this Court in an attempt to set aside the judgments against him in the prior proceedings both before this Court and the ARB.

## DISCUSSION

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).

The Ninth Circuit has already determined that this Court lacked subject matter jurisdiction to consider Plaintiff's WPP claim. In doing so, the court did not simply determine that

2

"Williams must first file an administrative complaint before filing a claim in federal district court," but also questioned "whether Williams could have brought this action at all in federal district court," and concluded that he could not, "even after filing a complaint with the Secretary of Labor." Williams v. United Airlines, Inc., 500 F.3d at 1022. This Court is bound to follow the Ninth Circuit's prior decision.

This Court also does not have jurisdiction to review the ARB's decision. Such jurisdiction is vested in the Court of Appeals under 49 U.S.C. § 42121(b)(4)(A). See Williams v. U.S. Dept. of Labor, 2011 U.S. App. LEXIS 17300, at *1. Further, this Court clearly cannot review or reverse the Ninth Circuit's prior holding that the ARB properly denied Plaintiff's complaint as untimely.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED (Docket No. 8). Dismissal is without leave to amend, because no additional allegations could cure the deficiencies identified above.

The Clerk shall enter judgment and close the file. Defendant shall recover its costs from Plaintiff.

IT IS SO ORDERED.

Dated: 5/1/2012

CLAUDIA WILKEN
United States District Judge